IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY W. THACKER,
    Plaintiff,

vs.                                    Case No. 3:06cv145/MCR/EMT

UNITED STATES OF AMERICA
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se and in forma pauperis (*see* Doc. 6), sues the United States (hereinafter "the Government") under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, for negligence based upon the failure of the Department of Justice (DOJ) and Federal Bureau of Investigation (FBI) to investigate Plaintiff's allegations of perjury by law enforcement officers of the Walton County Sheriff's Office (Doc. 8).  As relief, Plaintiff seeks monetary damages (Doc. 8, attached Amended Complaint ¶ 17).

    Defendant filed a motion to dismiss or for summary judgment (Doc. 10).  On June 29, 2006, Plaintiff was directed to file a response to the motion within twenty days, and was advised that his failure to respond may result in the granting of the Government's motion and entry of final judgment in favor of the Government, pursuant to Rule 7.1(C)(1) of the Local Rules of the Northern District of Florida (*see* Doc. 11).  Plaintiff has not filed a response.

I.    PLAINTIFF'S ALLEGATIONS

    Plaintiff alleges that on February 8, 2004, he was arrested in Walton County, Florida (Doc. 8, attached Amended Complaint ¶¶ 3, 7).  The arresting officers filed a police report resulting in the filing of criminal charges against Plaintiff (*id*. ¶ 3).  Plaintiff entered a nolo contendere plea to the charges and was placed on probation (*id*. ¶¶ 3, 5).  On April 8, 2005, Plaintiff obtained a copy of

the police report and discovered that it contained false statements (*id*. ¶ ¶ 3, 4). Plaintiff immediately notified the local FBI office that the police report contained perjured statements and that the Walton County prosecutor had "covered up" this fact (*id*. ¶ 6; Doc. 8 at 3). Within a couple of weeks, Plaintiff received a letter from the Jacksonville office of the FBI stating that Plaintiff should address the matter in a court of law (Doc. 8 at 3). Plaintiff then sent an "affidavit of probable cause" to the Jacksonville office attesting that statements in the police report were false and the resulting criminal charges were baseless (*id*.). He received no further response from the FBI (*id*.). Plaintiff then filed a claim under the FTCA with the DOJ for the FBI's refusal to investigate his allegations of perjury and cover-up (*id*.). Plaintiff's claim was denied (*id*.). Plaintiff filed the instant action seeking monetary damages for the FBI and DOJ's failure to investigate his allegations (Doc. 1 at 4).

II.  LEGAL STANDARD

The defense of failure to state a claim upon which relief may be granted may be presented in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 923 (11th Cir. 1997). In light of Plaintiff's pro se status, the court should construe the allegations of the complaint liberally. *See* Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) (citation omitted).

III.  ANALYSIS

The Government accepts, for purposes of the motion to dismiss, that Plaintiff satisfied the prerequisites for filing this tort claim, including the filing of an administrative claim and the agency's denial thereof (Doc. 10 at 3). The Government argues that the tort claim should be dismissed because Plaintiff failed to allege that the FBI or DOJ had a duty to investigate Plaintiff's allegations or that either agency breached its duty (*id*. at 4). Furthermore, even if Plaintiff stated a claim for negligence, the court lacks subject matter jurisdiction because the discretionary function exception applies to the challenged conduct, thus the Government retains its sovereign immunity from this suit for monetary damages (*id*. at 6-9). Additionally, the Government argues that to the

...

extent Plaintiff alleges a constitutional claim for damages, the United States and its agencies are immune from suit for monetary damages (*id*. at 5-6).

     A.     <u>Discretionary Function Exception to FTCA Claim</u>

The Government first argues that the court does not have subject matter jurisdiction to consider Plaintiff's claim based upon the FBI and DOJ's failure to investigate his allegations of perjury and cover-up.  The Government contends sovereign immunity has not been waived for this as a premise for liability because the decision whether to conduct an investigation and prosecution involves an element of judgment, and such decisions are grounded in policy; therefore, the governmental omission falls within the ambit of the discretionary function exception to the waiver of sovereign immunity set forth in 28 U.S.C. § 2680.  That statute provides an exception for a claim based upon:

> an act or omission of an employee of the Government exercising due care . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency . . ., whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

The Eleventh Circuit follows the Supreme Court's two-step test to determine whether a governmental act or omission falls within the ambit of the discretionary function exception:

> First, we ask whether the act "involv[es] an element of judgment or choice." <u>U.S. v. Gaubert</u>, 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991) (quoting <u>Berkovitz v. U.S.</u>, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988)); <u>Hughes v. U.S.</u>, 110 F.3d 765, 767 (11th Cir. 1997).  "[I]f a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,'" there is no judgment or choice involved.  <u>Gaubert</u>, 499 U.S. at 322, 111 S.Ct. at 1273 (quoting <u>Berkovitz</u>, 486 U.S. at 536, 108 S.Ct. at 1958-59); *see also* <u>Phillips v. U.S.</u>, 956 F.2d 1071, 1076 (11th Cir. 1992) ("Where there exists a mandatory responsibility, there is no room for a policy choice.").  The inquiry focuses on "whether the controlling statute or regulation mandates that a government agent perform his or her function in a specific manner."  <u>Hughes</u>, 110 F.3d at 768. A decision will be subject to the exception unless "'a federal statute, regulation, or policy specifically prescribes a course of action embodying a fixed or readily ascertainable standard.'"  *Id.* (quoting <u>Autery v. U.S.</u>, 992 F.2d 1523, 1529 (11th Cir. 1993)).
>
>     If the conduct does "involv[e] an element of judgment or choice," we then look at "'whether that judgment is of the kind that the discretionary function

> exception was designed to shield.'" Gaubert, 499 U.S. at 322-23, 111 S.Ct. at 1273 (quoting U.S. v. Varig Airlines, 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984)). The exception is intended "to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" Id. (quoting Varig Airlines, 467 U.S. at 814, 104 S.Ct. at 2765). Thus, "when properly construed, the exception 'protects only governmental actions and decisions based on considerations of public policy.'" Gaubert, 499 U.S. at 323, 111 S.Ct. at 1274 (quoting Berkovitz, 486 U.S. at 537, 108 S.Ct. at 1959).
>
> Under this second-prong of the test we look at whether the questioned act is "'susceptible to policy analysis.'" Hughes, 110 F.3d at 768 (quoting Powers v. U.S., 996 F.2d 1121, 1125 (11th Cir. 1993)). The exception does not require there to have been actual "weighing of policy considerations." Hughes, 110 F.3d at 768. Nor is it limited to decisions at the policy or planning level; it may include day-to-day management. Gaubert, 499 U.S. at 325, 111 S.Ct. at 1275; Hughes, 110 F.3d at 768. We focus on "'the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one we would expect inherently to be grounded in considerations of policy.'" Autery, 992 F.2d at 1530-31 (quoting Baum v. U.S., 986 F.2d 716, 720-21 (4th Cir. 1993)). If the decision is inherently one allowing discretion, we presume that the act was grounded in policy whenever that discretion is employed. Gaubert, 499 U.S. at 324, 111 S.Ct. at 1274; Hughes, 110 F.3d at 768.

OSI, Inc. v. United States, 285 F.3d 947, 950-51 (11th Cir. 2002).

In the face of a factual challenge to subject matter jurisdiction, the burden is on Plaintiff to prove that jurisdiction exists. *Id.* at 951 (citations omitted). Thus, because the Government has asserted lack of subject matter jurisdiction, Plaintiff must prove that the discretionary function exception does not apply to the failure to investigate his complaints of perjury and the use of false information by local law enforcement in the State of Florida. *Id.*

In the instant case, Plaintiff has failed to identify a specific and binding directive that addresses the investigation of complaints of perjury or the use of false information by local law enforcement and prosecutors in state criminal prosecutions and requires FBI or DOJ employees to investigate such complaints. In the absence of a federal statute, regulation, or policy specifically requiring the FBI or DOJ to investigate or prosecute Plaintiff's complaints, the first part of the two-part test is satisfied.

Turning to the second step, the court agrees with the Government that the agencies' failure to investigate Plaintiff's complaints was a decision involving public policy considerations. The

decision whether to investigate allegations of criminal activity required balancing competing concerns of limited law enforcement and prosecutorial resources and public safety. In deciding whether to investigate Plaintiff's complaint, the FBI and DOJ would have had to weigh several factors, including the reliability of the complaint, the significance of the complaint, the existence of similar complaints, the possibility of unnecessarily disrupting local law enforcement functions should Plaintiff's complaints have ultimately proved unfounded, and the existence of information of other criminal activity more harmful to the public that required the use of investigative and prosecutorial resources available at the time. Thus, this court concludes that the decision by the FBI and DOJ whether to investigate and prosecute citizens' allegations that local law enforcement agencies and prosecutors were knowingly engaging in and using perjury in criminal investigations and prosecutions was grounded in public policy considerations.

This court is satisfied that the failure to investigate Plaintiff's complaints was based upon the exercise of a discretionary function on the part of the FBI and DOJ. Accordingly, the negligence claim against the United States is precluded by the exception to the waiver of sovereign immunity provided in section 2680(a) of the FTCA.

### B. Constitutional Claim

Plaintiff also seems to assert a claim that the FBI and DOJ's failure to investigate his allegations violated his constitutional rights because the agencies intentionally discriminated against him "either as a result of his age, and or [sic] national origin being from the state of Indiana . . ." (Doc. 8, attached Amended Complaint ¶ 10).

It is well settled that no suit for damages may be brought against the United States unless the United States waives its sovereign immunity and consents to be sued. The United States has not waived sovereign immunity in Bivens actions. Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 688-89, 69 S. Ct. 1457, 1461, 93 L. Ed. 2d 1628 (1949); *see also* Garcia v. United States, 666 F.2d 960, 966 (5th Cir. (1982). Therefore, Plaintiff's constitutional claim, to the extent he asserts one, should be dismissed.

### IV. CONCLUSION

Upon consideration of Plaintiff's claims and Defendant's arguments in its motion to dismiss, the court concludes that Plaintiff has failed to state a claim for relief under the under the FTCA or the Constitution. Therefore, this action should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 10) be **GRANTED**.

2. That Plaintiff's amended complaint (Doc. 8) be **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 15th day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636**; <u>United States v. Roberts</u>, **858 F.2d 698, 701 (11th Cir. 1988)**.